**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-357-DLB**

**CLEVENS LHERISSE** **PETITIONER**

**v.** **<u>MEMORANDUM ORDER</u>**

**JASON MAYDAK, et al.** **RESPONDENTS**

* * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Clevens Lherisse's *pro se* Petition for Writ of Habeas Corpus (Doc. # 1). For the following reasons, the Court **denies** the Petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Lherisse, a native and citizen of Haiti, entered the United States on a temporary visitor visa in February 2017. (*See* Doc. # 5-1 at 1-2). Although that visa expired six months later, Lherisse remained in the United States. (Doc. # 5 at 1). In May 2025, immigration officials served Lherisse with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(1)(B). (Doc. # 5-3 at 1-2).

A few months later, Lherisse was arrested following an alleged "hit and run" while drunk driving. (Doc. # 5-4). Immigration and Customs Enforcement ("ICE") took him into custody on August 8, 2025. (Doc. # 5-5). Less than three weeks later, an Immigration Judge ("IJ") held a bond hearing and denied Lherisse's request for release, finding that

he posed both a danger and a flight risk. (Doc. # 5-6 at 1). Lherisse did not appeal the IJ's decision. (Doc. # 5 at 2).

Lherisse's removal proceedings continued. On December 15, 2025, an IJ denied relief and ordered him removed to Haiti. (Doc. # 5-8 at 1-3). Lherisse appealed that decision to the Board of Immigration Appeals ("BIA") on January 13, 2026, and this appeal remains pending. (Doc. # 5-9 at 1). He is presently detained at the Boone County Jail in Burlington, Kentucky. (Doc. # 1 at 1).

On August 26, 2026, Lherisse filed the instant Petition for Writ of Habeas Corpus. Although Lherisse received a bond hearing shortly after his detention began, he argues that it "no longer reflects [his] present circumstances" and that "due process requires a current individualized assessment of whether continued detention is justified." (*Id.* at 2). He therefore asks the Court to order "an individualized bond hearing before an Immigration Judge" or, alternatively, release him subject to "reasonable conditions of supervision." (*Id.* at 5).

On August 28, 2026, the Court directed Respondents to respond to Lherisse's Petition. (Doc. # 3). The Federal Respondents filed a Response on September 2, 2026 (Doc. # 5), and Boone County Jailer Jason Maydak followed with a Response on September 11, 2026 (Doc. # 7).[1] Lherisse failed to file a timely reply. Accordingly, this matter is ripe for review.

[1] Respondent Jason Maydak filed a Response claiming that he lacks the authority to order the relief Lherisse seeks—release from detention. (Doc. # 7 at 2-4). Because the Court denies Lherisse's Petition, however, it need not reach the arguments Maydak raises in his Response.

## III. ANALYSIS

Lherisse frames his request as one for an individualized bond hearing. (Doc. # 1 at 5). But he already had one. What he really seeks is a *second* bond hearing while his appeal from the IJ's removal order remains pending before the BIA. The Federal Respondents assert that due process does not independently entitle him to one. (Doc. # 5 at 2-5). The Court agrees.

Start with the statutory framework. A removal order becomes administratively final "upon the earlier of (i) a determination by the [BIA] affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." *Al-Sadoon v. Lynch*, 586 F. Supp. 3d 713, 722 (E.D. Mich. 2022) (quoting 8 U.S.C. § 1101(a)(47)(B)). Because Lherisse "appealed his removal order to the BIA and that appeal remains pending, his removal order is not yet administratively final." *Alabdulaziz v. Tindall*, No. 3:26-CV-178-CHB, 2026 WL 973278, at *5 (W.D. Ky. Apr. 10, 2026). That means he is "not yet subject to 8 U.S.C. § 1231"—which governs the detention of aliens subject to a final order of removal—"and instead remains detained under § 1226(a)." *See id.*

"Section 1226 empowers [Federal] Respondents to detain [Lherisse], but [they] must do so within the Fifth Amendment's confines." *Singh v. Mullin*, No. 1:26-CV-00784-SMD-JMR, 2026 WL 1413154, at *2 (D.N.M. May 20, 2026). Lherisse invokes those confines here, arguing that "due process requires a current individualized assessment of whether continued detention is justified." (Doc. # 1 at 2). The Court construes that argument as raising both procedural and substantive due process claims and considers each in turn. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a

*pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'").

### A. Procedural Due Process

Procedural due process is governed by the familiar three-part test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). That test balances:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Marquez-Amaya v. Olson*, 821 F. Supp. 3d 846, 860 (W.D. Ky. 2026) (citing *id.* at 335).

Those factors, weighed together, counsel against finding that Lherisse's continued detention without another bond hearing violates his procedural due process rights. To be sure, "[f]reedom from imprisonment . . . lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "But it is important not to overstate the strength of [Lherisse's] showing under the first *Mathews* factor[.]" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022). And the remaining two factors point decidedly in Federal Respondents' favor.

To begin, the "risk of erroneous deprivation" is low. *See Mathews*, 424 U.S. at 335. Lherisse already received a bond hearing, at which an IJ determined that he both posed a danger and a flight risk. (Doc. # 5-6 at 1). Since then, the Immigration Court has ordered Lherisse removed, which he is now challenging before the BIA. (Docs. # 5-8 & 5-9). His continued detention, therefore, has been "subject to numerous levels of review," substantially reducing the risk of erroneous deprivation. *See Garland*, 53 F.4th at 1210.

The third factor favors Federal Respondents, too. The Court "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). And "[t]his is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Garland*, 53 F.4th at 1208. Through detention, the government "seeks to 'increas[e] the chance that, if ordered removed, the aliens will be successfully removed.'" *Id.* (quoting *Demore v. Kim*, 538 U.S. 510, 528 (2003)) (alteration in original). That interest is particularly weighty here, as Lherisse's removal proceedings remain ongoing and an IJ already determined that he poses a flight risk. (*See, e.g.*, Doc. # 5 at 1-2).

Taken together, then, Lherisse's continued detention—without a second individualized bond hearing—does not violate procedural due process under *Mathews*.[2]

**B. Substantive Due Process**

Nor does Lherisse's substantive due process claim, to the extent his Petition raises one, fare any better.

Substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). But the Supreme Court has already noted that detention for the limited period of removal proceedings typically does not violate substantive due process. *See*

---

[2] True, the Sixth Circuit recently held that § 1226(a) detainees are entitled to individualized bond hearings. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). But *Lopez-Campos* addressed detainees who had received no bond hearing at all. *See id.* at 720 (observing that the petitioners, there, were "detained without a determination of their flight risk and dangerousness"). Lherisse, by contrast, received an individualized bond hearing after his detention began. (*See* Doc. # 5 at 2).

*generally Demore*, 538 U.S. at 523 (noting the "Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").

Lherisse's detention falls comfortably within that rule. His removal proceedings remain ongoing before the BIA, and nothing suggests that his detention has become indefinite. His substantive due process claim, to the extent asserted in his Petition, therefore fails.

Although due process does not independently entitle Lherisse to another bond hearing, he is not entirely out of options. The governing regulations expressly permit Lherisse to seek a "subsequent bond redetermination . . . upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). That request, however, must be directed to the IJ—not the district court. *See Garcia v. Green*, No. 16-0565 (KM), 2016 WL 1718102, at *3 (D.N.J. Apr. 29, 2016) ("[E]ven if there were [a substantial reason to hold a third bond hearing], the proper procedure would be for [petitioner] to seek a redetermination from the IJ.").

## IV. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that:

(1) Lherisse's Petition (Doc. # 1) is **DENIED**; and

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 3rd day of October, 2026.

**Signed By:**

***David L. Bunning***

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-357 Order Denying Habeas Petition .docx